

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2008

# Orelski v. Bowers

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3850

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation
"Orelski v. Bowers" (2008). *2008 Decisions.* Paper 90.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/90

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3850
_____

JOHN ORELSKI,

Appellant,

v.

CHARLES E. BOWERS, JR., Chief of City of Erie Police Department;
TIMOTHY STUCKE, Deputy Chief of City of Erie Police Department;
CITY OF ERIE

_____

On Appeal From the United States District Court
for the Western District of Pennsylvania
(No. 05-cv-00317E)
District Judge:  Honorable Sean J. McLaughlin

Submitted Under Third Circuit LAR 34.1(a)
October 1, 2008

Before: FISHER, CHAGARES, and HARDIMAN Circuit Judges.

(Filed: December 17, 2008)

_____

OPINION OF THE COURT
_____

CHAGARES, Circuit Judge.

John Orelski appeals from a grant of summary judgment on his civil rights action against the City of Erie, Erie Police Department (EPD) Chief Charles Bowers, and EPD Deputy Chief Timothy Stucke. We will affirm.

I.

Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts.

Orelski was terminated from his probationary employment with the EPD on April 15, 2005. On April 19, 2005, he filed a Declaration for Federal Employment in order to become a police officer with the Erie Veterans Administration (VA). Bowers learned of Orelski's pending application and in June 2005 contacted Robert Reyes, Chief of the VA Police Department (VAPD). Bowers told Reyes that he had concerns about Orelski's driving ability. Orelski contends that Bowers also told Reyes that Orelski had impersonated a police officer, caused disturbances at a local bar, and been accused of harassing women. In July 2005, in response to an inquiry from VA human resources personnel, Bowers reiterated these concerns. The VAPD did not hire Orelski.

Orelski then brought a civil rights action against Bowers, Stucke, and the City of Erie, pursuant to 42 U.S.C. § 1983. Orelski claimed, inter alia, that his due process rights were violated when Bowers transmitted the aforementioned allegedly defamatory information about him to the VA. The defendants moved for summary judgment, and the

2

District Court granted the motion. Orelski then filed this appeal.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

We review the District Court's grant of summary judgment de novo, applying the same standard that it used. Lawrence v. City of Philadelphia, 527 F.3d 299, 310 (3d Cir. 2008). That is, we will view the evidence in the light most favorable to Orelski and draw all justifiable, reasonable inferences in his favor. Id. We will affirm only if there is no genuine issue of material fact with respect to one or more elements of Orelski's claim and if the defendants are entitled to judgment as a matter of law. Id.; Fed. R. Civ. P. 56(c).

## III.

The Due Process Clause of the Fourteenth Amendment protects a state employee against certain types of defamation. When a state employer "'creates and disseminates a false and defamatory impression about the employee in connection with his termination,'" it deprives him of a protected liberty interest and denies him due process. Hill v. Borough of Kutztown, 455 F.3d 225, 236 (3d Cir. 2006) (quoting Codd v. Velger, 429 U.S. 624, 628 (1977)). In order to be considered "in connection with" a termination, an allegedly defamatory statement and the firing must be at least roughly contemporaneous. See, e.g., Brennan v. Hendrigan, 888 F.2d 189, 196 (1st Cir. 1988) (holding two-month delay fatal to due process claim); Ewers v. Bd. of County Comm'rs, 802 F.2d 1242, 1248 (10th Cir.

3

1986) (holding three-week delay fatal to due process claim); see also Ulrich v. City of San Francisco, 308 F.3d 968, 983 (9th Cir. 2002) (holding five-day delay did not preclude due process claim).

Orelski appears to concede that Bowers's statements were made nearly two and a half months after he was terminated. See Appendix (App.) A8 (Compl. ¶ 10, stating "[b]y letter dated April 15, 2005, Plaintiff was informed that he was being terminated from the Erie Police Department. . . ."); A15 ("Termination Notice" dated April 15, 2005 appended to Compl.); A104 (Orelski's answers to interrogatories stating "I was terminated from the Erie Police Department on April 13 [sic], 2005. . . ."); Appellant's Br. at 4-5 (Bowers's first statement made June 26, 2005). Such a long delay eviscerates any temporal nexus between the statements and the termination. See Brennan, 888 F.2d at 196; Ewers, 802 F.2d at 1248.

Nevertheless, Orelski now argues that the statements were made "in connection with" his firing because they were made before he realized he had been fired. We reject this argument. Even taken in the light most favorable to Orelski, the evidence does not support the contention that the statements were made before he realized he was terminated. For instance, on his April 19, 2005 Declaration for Federal Employment, Orelski notes that his tenure with the EPD ended in "4/2005," and on an attached sheet he described his EPD job in the past tense. See App. A143-A144. Any inference that Orelski did not realize he had been fired by June 2005 when Bowers made the statements

4

is therefore neither reasonable nor justifiable and need not be drawn at the summary-judgment stage. See GFL Advantage Fund, Ltd. v. Colkitt, 272 F.3d 189, 210 (3d Cir. 2001) (". . . a court is required to indulge only reasonable inferences [in evaluating a motion for summary judgment]. . . ."). Moreover, Orelski offers no justification — and we cannot find one — for why his subjective knowledge of the firing would be relevant in the first place.

We hold that Bowers's statements were not made "in connection with" Orelski's termination. Therefore, even if those statements were false and defamatory, they do not give rise to a due process violation. See Hill, 455 F.3d at 236.

IV.

Because there is no genuine issue of material fact as to whether Bowers's statements were made "in connection with" Orelski's termination, and because the defendants are entitled to judgment as a matter of law, we will affirm the District Court's grant of summary judgment.

5